UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL GARZA III,<br><br>Defendant. | Case No.: 1:10-cr-00387 JLT<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 24) |

Samuel Garza moves the Court for an order terminating his supervised release early after having completed eight of his required 15 years. For the reasons set forth below, the motion is **DENIED**.

**I. Background**

From December 2008 through September 2009, Mr. Garza received between 300 and 600 images of children engaged in sexually explicit conduct. (Doc. 1, Doc. 11 at 4) These photos included photos of children under the age of 12 and included photos portraying "sadistic or masochistic conduct or other depictions of violence. Doc. 11 at 4.

Mr. Garza was indicted on September 16, 2010 and was charged with a violation of 18 U.S.C. § 2252(a)(2), Receiving or Distributing Material Involving the Sexual Exploitation of Minors. (Doc. 1) Eventually, he pleaded guilty to the charges on March 4, 2011. (Doc. 11) In his plea agreement, he agreed that 87 months is custody was a reasonable sentence and that 180

months of supervision thereafter was "an additional component of a 'reasonable sentence.'" *Id*. at 5-6. The Court imposed this sentence on May 16, 2011. (Doc. 16, Doc. 17) Mr. Garza served the term of imprisonment and began supervision on June 29, 2017. (Doc. 19)

Mr. Garza reports that he has completed all his sentencing obligations, and he has obeyed all laws. (Doc. 24 at 1) He assets that he has worked for Starbucks for seven years and became a manager. *Id.* He reports also that he has "been accepted for a Bachelor of Arts program in applied business at Arizona State University, with classes commencing in August, 2025. He would have to leave the Eastern District of California to attend these classes." *Id*.

The government contradicts these claims and notes that, though Mr. Garza worked for Starbucks, he no longer does. (Doc. 26 at 4) Though he became a shift supervisor while employed at Starbucks, he did not become a store manager. *Id*. Likewise, though Mr. Garza was eligible, while he was employed at Starbucks, to attend classes at ASU, those classes would have been online, not in person, and, of course, his entitlement to tuition paid by Starbucks ended with the loss of his job.[1] *Id*. The probation officer reports that Mr. Garza intends to take online classes through ASU.

The probation officer reports that Mr. Garza will likely complete his "maintenance" sex offender counseling in about two years. Though he has largely been compliant, his supervision has not been without concerns. In 2018, the Court imposed a drug testing requirement because Mr. Garza admitted to using marijuana. (Doc. 19 at 2) He failed a polygraph test related to his sexual conduct with an adult. *Id.* He explained that he was not untruthful during the polygraph testing but was "physically attracted to the polygraph examiner," which caused him to be nervous. *Id*. The probation officer required him to re-take the polygraph test (*Id*.) and to talk to his therapist about his conduct during the problematic polygraph examination.

The probation officer reports also that in September 2019, law enforcement officers were called to Mr. Garza's residence due to a verbal argument between Garza and his romantic partner,

---

[1] The probation officer reports that Mr. Garza was "let go," and he has obtained replacement employment.

2

though neither was arrested. Otherwise, the probation officer reports that Mr. Garza has a pro-social support system.

**II. Analysis**

The Court acknowledges its discretion to terminate supervision early in this case. In considering the motion, the Court notes first that the underlying offense was extremely serious and continued for an extended period. Though Mr. Garza has engaged in treatment to address his sexual deviant conduct, he will not complete it for about two more years.

The Court is concerned about what appears to be a lack of boundaries shown by Mr. Garza's conduct related to the 2018 polygraph. Given the context of that polygraph, which was intended to hold him accountable and to ensure that he had not engaged in concerning conduct—the fact that he could not maintain a professional distance with the polygraph examiner is a problem. Rather than being able to understand the obvious inappropriateness of his feelings, Mr. Garza's sexual attraction caused his performance during the examination to be compromised. This gives the Court significant pause.

In addition, though it does not appear that Mr. Garza has provided any positive drug tests, the fact that he was forced to admit his drug use—two months after he used—during his polygraph exam, is concerning because it demonstrates that he hadn't complied with supervision and just hadn't gotten caught.

Though the Court is aware that Mr. Garza has had no formal violations of his supervision, compliance with the conditions of supervision is the minimum that the Court expects. Even had he demonstrated utter compliance, which he has not, and though the Court cannot say that ongoing compliance with conditions would not be sufficient in many other cases, mere compliance with release conditions in this case is insufficient.[2] Finally, despite these concerns, the Court appreciates that Mr. Garza has made efforts to establish a law-abiding life. Even still,

---

[2] A psychiatric evaluation by a qualified therapist, which is backed up by objective evidence, demonstrating that Mr. Garza no longer poses a risk to society, would be some evidence that he no longer needs supervision.

3

the Court has no explanation for the representations made in his petition, which were flatly untrue.

In considering all of this information, the Court is concerned not only for Mr. Garza's rehabilitation, but it also must be concerned for the vulnerable members of the community. Thus, the Court is unconvinced that it can safely terminate supervision at this time. For these reasons, and after considering all of the § 3583(e)(1) factors, the motion for early termination of supervised release is **DENIED**.

IT IS SO ORDERED.

Dated:     **August 1, 2025**

UNITED STATES DISTRICT JUDGE

4